UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TAYLOR MACHINE WORKS, et al.                                              PLAINTIFF

V.                                                        CIVIL ACTION NO.1:04CV142-JAD

PIONEER DISTRIBUTION, et al.                                             DEFENDANTS

ORDER

There are presently three motions for partial summary judgment before the court (Doc. 95, 136 and 138).

With regard to the motions of the Pioneer defendants for summary judgment on the Lanham Act claims and the fraud claims, the court finds that there are clearly genuine issues of material fact which cannot be resolved by summary judgment. F.R.Civ.P. 56. In any event, the court has the discretion, which it should exercise here, to allow the plaintiff's claims to proceed to trial. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). These motions for summary judgment are denied.

Both parties alternately assert and disclaim the contract that at least at one time governed the Pioneer dealership. Taylor has filed a motion for summary judgment with regard to Pioneer's multiple Dealer Act counter-claims under the laws of all the various states in which the Pioneer defendants have done business, and under Mississippi law, where it has not done business. While the record on this motion is also fraught with questions of fact to be resolved by the jury, the motion, the response and the reply raises questions of conflicts of law that should be resolved now. Again

the parties want to have things both ways to suit their perceived interests. The original dealership contract provided that Mississippi law would govern the contract. Taylor wishes to have Mississippi law apply generally, to pre-empt the application of any dealer act from any other state. Taylor also urges the court to rule that Pioneer, as an out-of-state dealer does not enjoy the protections of § 75-77-1, et. seq., the Mississippi Retailer Act, arguing that it cannot be applied extra-territorially. Pioneer urges the court to apply Mississippi law, citing the contract choice of law provision, but largely continues to claim the right to also apply the laws of other states to the different dealership locations.[1] Both are wrong.

Clearly by any choice of law analysis, the application of Mississippi law is entirely appropriate, and more appropriate than the application of the law of any other states. The Taylor plaintiffs drafted a contract that called for the application of Mississippi law and brought this action in the federal court in Mississippi. Pioneer in its response has embraced this one choice of law provision of the contract and urged the court that Mississippi law clearly applies. The court finds that Mississippi law, and not the law of any other state, shall apply to the respective claims and defenses of the parties.

Is Pioneer entitled to the protections of the Mississippi statute? Nothing in the Mississippi statute explicitly prohibits the application of § 75-77-1, et.seq., to the Pioneer defendants. The case law of this circuit favors the election of applicable law by contract. *C. A. May Marine Supply Company v. Brunswick*, 557 F. 2d 1163 (5th Cir. 1977). With the application of the Mississippi statute and Mississippi law, claims under the laws of other states are not available. Therefore the motion for summary judgment seeking to dismiss Pioneer's assorted claims under the dealer laws

---

[1] Pioneer has abandoned several claims for 'tactical' reasons.

of South Carolina, Georgia, West Virginia, North Carolina, and Florida should be dismissed with prejudice. The counterclaim under the Mississippi Act shall be tried and resolved by the jury.

IT IS ORDERED that the motions for summary judgment(Doc. 136, 138) filed by the Pioneer defendants are denied. The motion for partial summary judgment by the Taylor plaintiffs is granted in part and denied in part(Doc. 95). Inasmuch as Mississippi law is applicable to the controversies in this case, all counter-claims of the Pioneer defendants arising under the laws of the states of South Carolina, Georgia, West Virginia, North Carolina and Florida are dismissed with prejudice. The counter-claim asserting Mississippi law will proceed to trial.

SO ORDERED this the 7th day of February, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE